# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason O. Riley, a/k/a Jason Orlando Riley, ) | |
| ) | No. 8:14-cv-1655-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 33), recommending that Respondent's motion for summary judgment be granted. Petitioner filed a response in opposition to the recommendation of the Magistrate Judge. (Dkt. No. 39). After a careful review of the entire record in this matter, the R & R and the Petitioner's filings, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 20) is **GRANTED**.

## I. Background

Petitioner filed this habeas action asserting that his trial was infected by prosecutorial misconduct and he had ineffective assistance of trial counsel. These claims center around the alleged use of perjured trial testimony, the alleged withholding of exculpatory cell tower information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and the alleged failure of trial counsel to challenge the state's objection to hearsay testimony of an eyewitness who subsequently died. The Magistrate Judge carefully analyzed each of Petitioner's claims and concluded under controlling legal standards that Petitioner's claims are without merit and the Respondent was entitled to summary judgment as a matter of law. (Dkt. No. 33 at 19-33).

Petitioner filed objections to the R & R, essentially rearguing the same points rejected by the Magistrate Judge. (Dkt. No. 39).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## III. Discussion

The Court has reviewed the parties' filings and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Petitioner's objections simply restate the arguments previously presented to and rejected by the Magistrate Judge. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 33) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 20 ) is **GRANTED**. Petitioner's habeas petitions is **DISMISSED** with prejudice.[1]

---

[1] Petitioner's motions to appoint counsel (Dkt. Nos. 38, 41) are rendered moot by this order and are, therefore, denied.

-3-

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

February 3, 2015
Charleston, South Carolina